UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON,<br>CDCR #K-49649,<br><br>                    Plaintiff,<br><br>    vs.<br><br>WILLIAM C. RYAN, Superior Court<br>Judge, et al.,<br><br>                    Defendants. | Case No.  25cv3422-DMS (BJW)<br><br>**ORDER DENYING MOTION FOR RECUSAL AND DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

On December 1, 2025, Plaintiff Hung Duong Nguon, a state inmate incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 accompanied by a copy of his prison trust account statement. (ECF Nos. 1-2.)  On December 9, 2025, Plaintiff paid the full civil filing fee, and filed a motion to exceed the 22-page limit on civil complaints filed by prisoners in this district under General Order 653A and Local Civil Rule 8.2(a). (ECF Nos. 3, 6.)  On December 16, 2025, after the filing fee had been received but before it was docketed, the Court construed Plaintiff's prison trust account statement as a motion to proceed in forma pauperis and denied Plaintiff leave to proceed in forma pauperis, denied Plaintiff's motion to exceed the page limit because the Complaint did not exceed

- 1 -

the page limit, and dismissed this action without prejudice for failure to satisfy the filing fee requirement. (ECF No. 4.) On December 17, 2025, Plaintiff filed a notice that he had paid the filing fee. (ECF No. 5.) The Clerk of Court then amended the docket to reflect the filing fee was paid in full and reopened the case. (ECF No. 6.)

On January 7, 2026, Plaintiff filed a Motion for recusal seeking to recuse the assigned District Judge, arguing that bias was shown arising from errors in construing his trust account statement as a motion to proceed in forma pauperis and denying his motion to exceed the page limit. (ECF No. 7.) On January 8, 2025, Plaintiff filed a Motion for an extension of time to satisfy the filing fee requirement which was denied as moot. (ECF Nos. 9-10.)

## I.    Motion for Recusal

Plaintiff seeks recusal of the undersigned District Judge for construing his trust account statement as a motion to proceed in forma pauperis, arguing that it was error to do so because he did not authorize the prison to submit a copy of his trust account statement and did not file an in forma pauperis motion because he had always intended to pay the full civil filing fee. (ECF No. 7 at 1-4.) Plaintiff also contends that he wishes to present 36 causes of action in this action but due to the page limit only had space to present 6 causes of action, and argues it was error not to have granted him leave to file a new Complaint exceeding the page limit for that purpose. (*Id*. at 4-7.)

"The standard for recusal is 'whether a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984), quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). A judge's adverse rulings alone are not sufficient for recusal "even if they were erroneous." *See Nelson*, 718 F.2d at 321. Plaintiff has not presented any evidence of judicial bias or any other reason supporting recusal, merely his disagreement with judicial rulings in this case. The Court finds recusal is not warranted and **DENIES** the Motion for recusal. As set forth at the end of this Order, Plaintiff will be given an opportunity to seek leave to exceed the page limit for an amended complaint.

**II.      SCREENING PURSUANT TO 28 U.S.C. § 1915A**

   **A.      Standard of Review**

The Court must conduct an initial review of the Complaint under 28 U.S.C. § 1915A, which "mandates early review - 'before docketing () or () as soon as practicable after docketing' - for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016), quoting 28 U.S.C. § 1915A(a). "'On review, the court shall . . . dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.'" *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017), quoting 28 U.S.C. § 1915A(b).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.*, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

   **B.      Discussion**

      *1.      Plaintiff's Allegations*

Plaintiff challenges the validity of his 1997 Los Angeles County Superior Court criminal conviction for kidnapping during the commission of a carjacking with the use of a firearm, for which he was sentenced to life with the possibility of parole plus three years,

and in addition challenges an ongoing denial of parole.[1]  He names as Defendants San Diego County Superior Court Judge William C. Ryan, former Los Angeles County Superior Court Judge David S. Milton, former Los Angeles County District Attorney Gil Garcetti, former Deputy Los Angeles County District Attorneys Fernando Guzman and Reid Rose, former California Attorney General Daniel E. Lungren, California Governor Gavin Newsom, trial counsel Bruce Ivan Brown, the California Department of Corrections and Rehabilitation ("CDCR"), CDCR Secretary Jeff Macomber, RJD Wardens Rafael Acevedo and James Hill, San Diego, Sacramento and Los Angeles Counties, the California Board of Parole Hearings ("BPH"), BPH Presiding Commissioner David Ndudim, Deputy BPH Commissioner Teresa Meighan, attorney Karen Fleming who represented Plaintiff at a BPH hearing, BPH transcriber Maria Irene Lopez, BPH staff attorney Roxanna Gomez, BPH Chief Counsel Chancellor Veal, BPH special processing attorney D. Moeller, and psychologists Timothea McGinley and Jeanette Sanders. (ECF No. 1 at 2, 6-11.)

Plaintiff alleges that on July 9, 2024, he attended a BPH parole hearing via video conference, six months after it should have taken place, where Defendants Ndudim, Meighan, McGinley, Sanders, Fleming, BPH, Gomez, Veal, Moeller and CDCR violated his right to a fair, timely, accurately-transcribed, in-person hearing, at which false and misleading evidence was introduced and relevant evidence ignored, at which Ndudim and Meighan displayed bias and prejudice, and at which he was forced to be represented by Fleming rather than being allowed to represent himself, who provided ineffective assistance of counsel by failing to object, sided with the BPH several times, and was responsible for producing an inaccurate and altered transcript. (*Id*. at 11, 14-17.) Plaintiff states that he has appeared before the BPH eight times, the first in 2005, some with

---

[1] Plaintiff unsuccessfully challenged his 2001 parole denial in a habeas petition filed in this Court raising similar claims as here.  *See Nguon v. Madden*, 2023 WL 2573894, at *1 & n.1 (S.D. Cal. Mar. 20, 2023) (noting that Plaintiff has filed several state and federal petitions unsuccessfully challenging parole denials).

25cv3422-DMS (BJW)

untimely hearings, and contends the continued denials and delays, a recent notification that he will not receive an elderly parole hearing in 2026 to which he is entitled, and the requirement that he has an available half-way house in both the United States and Vietnam, amounts to an indefinite no parole policy. (*Id*. at 11-12.) He contends that similarly situated inmates serving life sentences for crimes committed when they were teenagers and participating in similar rehabilitative prison programs are serving less prison time, and that Defendants have essentially turned a life sentence for an offense he committed in 1995 into an unauthorized death sentence or life without parole. (*Id*. at 13, 16.)

Plaintiff alleges Defendants Ndudim, Meighan, BPH, McGinley, Sanders, Ryan, Hill, Gomez, Veal, Moeller, Newsom, CDCR, Macomber and Acevedo have practiced racial discrimination because he is half Chinese and half Vietnamese by granting parole to White, Black and Hispanic prisoners convicted of worse crimes. (*Id*. at 13-14.) He claims that Defendant Judge Ryan accepted the findings of the BPH that Plaintiff suffered from schizoaffective disorder and was in a state of delusion at the time of his crime, but nevertheless denied his state habeas petition seeking a new trial in which he argued he was not guilty by reason of insanity. (*Id*. at 2, 14, 17.) He claims his trial attorney Defendant Brown provided ineffective assistance of counsel by failing to raise defenses of not guilty by reason of insanity, lack of capacity to form *mens rea*, incompetence to stand trial, and under the Americans with Disabilities Act. (*Id*. at 17.) He claims Defendants San Diego County, Hill, Acevedo, Newsom, Macomber and CDCR violated their duty to protect him from the constitutional violations alleged in the Complaint, and that Defendants Los Angeles County, Garcetti, Guzman, Rose, Lungren and Milton failed to void his conviction after determining he was in a state of delusion when he committed his offense. (*Id*.) He claims that although his 30 plus years of imprisonment has become cruel and unusual, Defendants BPH, Ndudim, Meighan, Gomez, Veal, Moeller, Hill, Acevedo, Newsom, Macomber, CDCR, McGinley, Sanders and Ryan "don't think so," and are allowing his sentence to be transformed into one of slavery, life without parole or the death penalty in violation of due process. (*Id*. at 17-18.)

25cv3422-DMS (BJW)

Plaintiff alleges Garcetti, Guzman, Rose, Lungren, Los Angeles County and Milton wrongfully convicted him of kidnapping during the commission of a carjacking. (*Id*. at 18-19.)  He alleges that BPH, Ndudim, Meighan, Gomez, Veal, Moeller, Hill, Acevedo, Newsom, Macomber, CDCR, McGinley, Sanders and Ryan claimed Plaintiff had schizoaffective disorder and tried to force him to take anti-psychotic medication even though specialists determined he did not suffer from that disorder, and "use[d] this to deny [Plaintiff] parole in July 2024." (*Id*. at 19.)  He alleges he "is being falsely accused with writing over 5000 sex letters to female staffs and harassing them," and was forced to buy, read and talk about a "sex book" despite not having a sex conviction.  (*Id*. at 19-20.)  Plaintiff claims violations under the First, Fifth, Sixth, Ninth and Fourteenth Amendments, and seeks monetary damages.  (*Id*. at 20-22.)

### 2. *Heck Bar*

Plaintiff has not stated a 42 U.S.C. § 1983 claim against any Defendant based on allegations that he was wrongfully convicted, has failed to have his conviction overturned, or has not been released on parole.  Claims related to the "circumstances" of a prisoner's confinement are brought in a civil rights action, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004), citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a [civil rights] action."), citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.")  A claim based on "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable outside of the habeas context unless

25cv3422-DMS (BJW)

Plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Thus, Plaintiff may not seek relief based on claims he has been unlawfully convicted, sentenced, and/or incarcerated in a civil rights action without first showing his conviction or incarceration has been invalidated. *Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a [civil rights] action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'"), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a prisoner with the exclusive means to attack the validity of his confinement in federal court). Because Plaintiff has not and cannot allege his conviction has already been invalidated, but instead indicates he is still serving his sentence on the conviction, the Court finds such claims in the Complaint fail to state a claim upon which § 1983 relief can be granted and are subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1). *See Heck*, 512 U.S. at 486-87. These claims are dismissed without leave to amend. *See Beets v. County of Los Angeles*, 669 F.3d 1038, 1041-42 (9th Cir. 2012) (holding that the filing of an amended complaint is futile if claims are barred by *Heck*), disapproved of on other grounds by *Lemos v. County of Sonoma*, 40 F.4th 1002 (9th Cir. 2022); *Bell v. Allison*, 2022 WL 4077119, at *1 (9th Cir. 2022) (affirming dismissal of *Heck*-barred claims without leave to amend because "amendment would be futile.")

### 3.    Immunity

In addition, Defendant Superior Court Judges Ryan and Milton are immune from actions arising from the discharge of their official duties as alleged by Plaintiff here. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.");

*Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Section 1983 . . . provides judicial officers immunity from injunctive relief even when the common law would not.") This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Likewise, Plaintiff's claims against Defendants former Los Angeles County District Attorney Garcetti, former Deputy Los Angeles County District Attorneys Guzman and Rose, and former California Attorney General Lungren are barred by the doctrine of quasi-judicial immunity. Prosecutors are entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by a prosecutor in the performance of an integral part of the criminal judicial process as alleged by Plaintiff here. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quasi-judicial absolute immunity applies to attorneys general for conduct related to their state litigation duties in civil suits); *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016) (state prosecutors are absolutely immune from suit "when performing functions 'intimately associated with the judicial phase of the criminal process.'"), quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff has failed to state a claim against the Judge or prosecutor Defendants and these claims are dismissed without leave to amend. *See Huffman v. Lindgren*, 81 F.4th 1016, 1021-22 (9th Cir. 2023) (affirming dismissal without leave to amend of claims against judges and prosecutors based on judicial and quasi-judicial immunity).

Plaintiff has not stated a claim against BPH Presiding Commissioner Ndudim, Deputy BPH Commissioner Meighan, BPH transcriber Lopez, BPH staff attorney Gomez, BPH Chief Counsel Veal, BPH special processing attorney Moeller, or psychologists McGinley and Sanders. State parole board officials, including court-appointed psychologists and psychiatrists, have absolute quasi-judicial immunity when they act to grant, deny or revoke parole, because such actions are functionally comparable to those of

25cv3422-DMS (BJW)

judges. *Sellars v. Procunier*, 641 F.2d 1295, 1302-04 (9th Cir. 1981); *Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983) ("Quasi-judicial immunity completely shields covered officials when they perform the functions which give rise to the need for absolute protection, even when the officials make egregious mistakes in carrying out these duties."); *Sullivan v. Kennedy*, 2021 WL 2383224, at \*5-7 (D. Haw. June 10, 2021) ("Court-appointed psychologists and psychiatrists who perform court-ordered evaluations enjoy quasi-judicial immunity" requiring dismissal without leave to amend.) All claims against the parole board Defendants based on allegations for which they are entitled to quasi-judicial immunity are dismissed without leave to amend. *See Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986) (claims barred by judicial and quasi-judicial immunity may be dismissed without leave to amend).

Plaintiff has also failed to state a claim against Defendants state appointed attorneys Fleming, Moeller and Brown. A public attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) ("[The appointed attorney] was, no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's *sua sponte* dismissal of prisoner's § 1983 claims against appointed counsel). Any claims against Plaintiff's court-appointed attorneys, to the extent they are based on allegation regarding their representation of him, are dismissed without leave to amend because court-appointed attorneys cannot be sued under § 1983 for "performing a lawyer's traditional functions" in representing Plaintiff. *Dodson*, 454 U.S. at 3325

### 4.   *Municipal Defendants*

In order to state a claim for municipal liability against Defendants Los Angeles, Sacramento and San Diego Counties, Plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the County has a policy, custom or practice which amounted to

deliberate indifference to that constitutional right; and (3) the policy, custom or practice was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011), citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") Municipal liability may be shown when an employee who committed the constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014), citing *Monell*, 436 U.S. at 694.

Plaintiff has not identified in the body of the Complaint a custom, policy or practice allegedly adhered to with deliberate indifference to his constitutional rights. He fails to plausibly allege municipal liability because "proof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents" will not give rise to § 1983 municipal liability. *Gant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014).

> ### 5. *Parole Claims*

Finally, Plaintiff has failed to state a claim based on his allegations that the Defendants continue to deny him parole. The Supreme Court has stated that the effect that parole suitability determinations have, if any, on the duration of a sentence, "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 487; *see also Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997) (recognizing that relief which would improve future parole eligibility does not "guarantee parole or necessarily shorten . . . prison sentences by a single day."); *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to [parole].")

/ / /

25cv3422-DMS (BJW)

The Supreme Court has found that a prisoner may bring a § 1983 action on narrow grounds challenging parole *eligibility* guidelines because success would merely result in a new parole hearing and not necessarily a release from custody.  *See Dotson*, 544 U.S. at 82.  However, the Supreme Court has emphasized that it is not the role of federal courts to substantively review state parole denials such as Plaintiff seeks here.  *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (holding that, under federal law, a prisoner subject to a state parole decision is entitled only to an opportunity to be heard and a statement of reasons for why parole was denied).  Because Plaintiff does not allege he was denied an opportunity to be heard and a statement of reasons for the denial of parole, he has not stated a claim based on his parole proceedings.  *Id*.  Also, as noted above, Plaintiff would be required to bring such a claim on habeas, which he has several times, and not under § 1983.

　　　　　5.　　*Leave to Amend*

Although it appears unlikely Plaintiff will be able to amend his Complaint to state a claim, in light of his pro se status, the Court grants leave to amend, other than with respect to the claims identified above which are dismissed without leave to amend.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

Now that Plaintiff has been informed of the pleading deficiencies of his claims and the majority of his claims have been dismissed without leave to amend, to the extent he still wishes to include 36 causes of action rather than 6, and contends he does not have space to do so within the 22 page limit, he may seek leave of Court to exceed the page limit of an amended complaint, and in doing so must demonstrate that such an amended complaint complies with Rule 8 of the Rules of Civil Procedure which requires that every complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)-(3).

25cv3422-DMS (BJW)

## III.   CONCLUSION

Accordingly, for all the reasons discussed, the Court **DENIES** Plaintiff's Motion for Recusal (ECF No. 7) and **DISMISSES** this civil action pursuant to 28 U.S.C. § 1915A based on Plaintiff's failure to state a claim upon which relief can be granted.  The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order regarding claims which have not been dismissed without leave to amend.  Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint.  Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")  If Plaintiff fails to amend, the Court will dismiss this action for failure to state a claim and failure to prosecute.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  February 20, 2026

Hon. Dana M. Sabraw
United States District Judge

25cv3422-DMS (BJW)