UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON, CDCR #K-49649, | Case No. 25cv3422-DMS (BJW) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF TIME AND TO ORDER RETURN OF PROPERTY** |
| vs. | |
| WILLIAM C. RYAN, Superior Court Judge, et al., | |
| Defendants. | |

Plaintiff Hung Duong Nguon is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 20, 2026, the Court dismissed his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim, with leave to amend on or before April 6, 2026. (ECF No. 11.) Plaintiff has now filed a Motion for a 60-day extension of time to amend. (ECF No. 13.) He states that he is not in possession of his legal papers, which along with his personal property were taken in anticipation of a transfer to another prison which was cancelled. (*Id*. at 1-2.) He also requests that the Court order Defendant Warden Acevedo to return his legal papers and to order the Defendants to this action to make monetary restitution for any lost or stolen personal property. (*Id*. at 3-4.)

- 1 -

25cv3422-DMS (BJW)

Good cause appearing, the Court **GRANTS** Plaintiff a 60-day extension of time to file an amended complaint. He must do so <u>**no later than June 5, 2026**</u>. The Court **DENIES** Plaintiff's request for a court order directing Defendant Warden Acevedo to return his legal papers and personal property or for any Defendant to make restitution because no Defendant in this action has been served with the summons and complaint and the Court currently has no jurisdiction to order injunctive relief against any Defendant. *See Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (explaining that a federal court lacks personal jurisdiction over a defendant unless that defendant has been served with the summons and complaint in accordance with Rule 4); *Hussain v. Ponce*, No. 18cv6579-JFW (RAO), 2019 WL 1055235, at *2 (C.D. Cal. Jan. 8, 2019) (explaining that the court lacks authority to issue injunctive relief where the court did not have jurisdiction over the defendant who had not been served), citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[ ] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. . . . Neither actual notice nor simply naming the person in the caption of the complaint will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.") (internal citations and footnote omitted).

**IT IS SO ORDERED**.

Dated: March 13, 2026

Hon. Dana M. Sabraw
United States District Judge

- 2 -

25cv3422-DMS (BJW)