UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON,<br>CDCR #K-49649,<br>Plaintiff,<br>vs.<br>WILLIAM C. RYAN, Superior Court Judge, et al.,<br>Defendants. | Case No. 25cv3422-DMS (BJW)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO ATTACH EXHIBIT AND TO EXCEED PAGE LIMIT;**<br><br>**(2) DENYING MOTION FOR PROTECTIVE ORDER; and**<br><br>**(3) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Plaintiff Hung Duong Nguon, a state inmate incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, paid the civil filing fee and filed a Complaint pursuant to 42 U.S.C. § 1983 challenging his state court conviction and subsequent denial of parole. (ECF No. 1 at 2, 6-11.) On February 20, 2026, the Court dismissed the Complaint with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). (ECF No. 11.) After an extension of time, Plaintiff filed a

First Amended Complaint ("FAC") with additional Defendants and causes of action. (ECF No. 17.) He has also filed a motion for a protective order, a motion to exceed the page limit on the FAC, and a motion to attach an exhibit to the FAC. (ECF Nos. 18-20.)

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A. Standard of Review

The Court must conduct an initial review of the FAC under 28 U.S.C. § 1915A, which "mandates early review - 'before docketing () or () as soon as practicable after docketing' - for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016), quoting 28 U.S.C. § 1915A(a). "'On review, the court shall . . . dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.'" *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017), quoting 28 U.S.C. § 1915A(b).

Section 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.*, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Discussion

#### *1. Plaintiff's Allegations*

Plaintiff withdraws most of the Defendants named in the original Complaint and names as Defendants in the FAC the State of California; San Diego County; California Governor Gavin Newsom; Secretary of the California Department of Corrections and

Rehabilitation ("CDCR") Jeff Macomber; former CDCR Secretaries Kathleen Allison and Ralph Diaz; CDCR Directors Connie Gipson and Richard Broomfield; CDCR Associate Director Howard Mosely; CDCR Health Care Correspondence and Appeals Branch Associate Director K. Martin; CDCR Correctional Counselors C. Jackson and I. Benitez; Associate Director of the CDCR Accounting Services Branch ("ASB") Veeky Prasad; ASB employee Valerie McClusky; ASB Accounting Administrators Koshmick Kumar and April Niehaus; CDCR Inmate Accounting Services Trust and Restitution Unit Does 33-36; California Correctional Health Care Services ("CCHCS") Chief Executive Officer James Elliot; CCHCS Director Joseph Bick; CCHCS Undersecretary Diana Toche; the RJD Mental Health Department; RJD Wardens and Associate Wardens Rafael Acevedo, James Hill, M. Ramirez, A. Ochoa, R. Jenkins, D. Lewis, S. Steadman, B. Franckowiak, A. Reyes, A. May, S. Anderson, and V. Sanchez; RJD Medical Director Amir Mohamed; RJD Chief Medical Executive Steven Roberts; RJD Chief Physician and Executive Surgeon J. Hodge; RJD Physicians Justin Choudhari, Amir Mohamed and David J. Clayton; RJD Registered Nurses Mark Sormillon and Mohammed Rajab; RJD Substance Abuse Program Director Deborah Snyder and Associate Director Bettie Crain; Forensic Assessment Division Forensic Psychologist Timothea McGinley and Senior Supervising Psychologist Jeanette Sanders; RJD Psychologists Luna Nguyen, Elizabeth Adamczyk, M. Martinez, Sarah Leone, S. Elmi, C. Daub, R. Robinson, Christina Geitzen-Haraden, S. Bahro and Gibbons; RJD Psychiatrists Donald Hurst, Jorge Naranjo, J. Lyszczarz, and Alan Jacovich; RJD Licensed Clinical Social Worker Patti Deguzman; RJD Licensed Professional Clinical Counselor Brooke Tannebaum; RJD Mental Health Department "Psychiatrists, Psychologists, Social workers, etc." Does 17-24; RJD Correctional Officers C. Taylor, P. Gonzales, S. Quintana, A.J. Silva, Melgar, Caro, Chavez, J. Garcia, C. Jackson, T. Martinez, E. Marquez, Via Cayenne, B. Colon, J. Jefferson, S. Solorio, N. De La Concha, J. Jiminez, C. Sanchez, H. Trillo, L. Gonzalez, A. Canedo, Les Mirias, R. Delozier, J. Badigian, F. Villalba, J. Hernandez, A. Puerta, J. Salgado, M. Solorio, A. Ramirez, D. Rivera, L. Moreno, C. Castillo, M. Sillas, J. Ramos, L. Aceves,

J.A. Cardenas, A. Rosales, O. Shelland, E. Lopez, J. Alaniz, F. Sepulveda, A. Iniguez, A. Andrade, M. Hernandez, M. Salazar, H. Villegas, R. Criollos, Lopez, Frank Sharpe, H. Covarrubios and Does 1-8 and 26; RJD Gang Investigator Doe 25; RJD Laundry Free Staff Does 27-28; Correctional Transportation Sergeant M. Romero; RJD Classification Staff Representative N. Thompson; RJD "CPES" R. Barenchi; RJD Inmate Trust Officers Does 29-32; Dictate Express Transcription Company; California Correctional Institution for Men ("CIM") Warden Dean Borders and CIM Correctional Officers Does 9-16; Union Supply Group Incorporated ("USGI"); USGI Executive Officer Tom Thomas and USGI employees and owners Does 37-44. (ECF No. 17 at 2, 4-20.) All Defendants are alleged to reside in California except the USGI Defendants who are alleged to reside in Texas, California and "elsewhere in the U.S." (*Id*. at 4-20.)

Plaintiff alleges that on December 8, 2023, he was interviewed by Defendant McGinley who prepared a parole consideration report which was approved by McGinley's supervisor Defendant Sanders. (*Id*. at 22-24.) After complaining that McGinley had acted unprofessionally and objecting to her conclusion that he would represent a "high risk of violence" if released on parole, Plaintiff appeared before the parole board on July 9, 2024, where he was denied release. (*Id*. at 24.) Superior Court Judge Ryan, who was named as a Defendant in the original Complaint but not in the FAC, denied state habeas relief. (*Id*.) In counts one through six of the FAC Plaintiff claims violations of the First, Fifth, Sixth, Eighth and Fourteenth Amendments and negligence in the decision to deny parole release, alleging McGinley presented false or distorted evidence and acted unprofessionally in basing the finding of future dangerousness on a mental disorder despite psychologists and psychiatrists having "ruled out psychosis" (count one), Sanders is vicariously liable for McGinley's actions (count four), Defendants Hill, Allison, Newsom, Gipson and Mosely abused the criminal process by permitting Sanders and McGinley to make their finding (count two), and Defendants Sanders, Newsom and the State of California were negligent in hiring Sanders and McGinley (count three) and in entrusting them with their duties (count five), and are directly liable for their actions (count six). (*Id*. at 25-39.)

In count seven Plaintiff alleges Defendants Nguyen, Daub, Hurst, M. Martinez, Naranjo, Lyszczarz, Elmi, Bahro, Jacovich, Deguzman, Robinson, Tannebaum, Gibbins, Geitzen-Harden, Leone, Adamczyk and the RJD Mental Health Department violated the Eighth Amendment by failing to provide medical treatment for the mental health condition upon which the denial of parole was predicated. (*Id*. at 39-42.) In count eight he claims Defendants State of California, RJD Mental Health Department and San Diego County violated the Americans with Disabilities Act ("ADA") by not allowing him to participate in programs available to inmates with mental health conditions. (*Id*. at 42-45.)

In count nine Plaintiff claims Defendants Hill, Acevedo and Does 29-36 violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments by attempting to steal a $17,034.09 check and taking the interest accrued during a delay in cashing the check. (*Id*. at 45-48.) In counts ten through thirteen he claims that during his prison employment Defendants Hill, Acevedo, Newsom, State of California, Macomber, Gipson, Mosely, Sharpe, Snyder and Crain failed to adequately compensate him and subjected him to forced labor amounting to slavery in violation of the First, Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments and federal labor and trafficking laws (counts ten and eleven), Defendants Hill, Acevedo, Newsom, State of California, Macomber, Gipson, Mosely and M. Ramirez conspired to attempt to violate the Trafficking Victims Protection Act, 18 U.S.C. § 1594(a)-(b) (count twelve), and Defendants Acevedo, Garcia, Franckowiak, T. Martinez, Ochoa, V. Sanchez and Does 25-26 created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (count thirteen). (*Id*. at 48-66.)

In count fourteen Plaintiff alleges Defendants Hill, Acevedo, Ochoa, V. Sanchez, May and Does 27-28 failed to provide him with a state-issued jacket for over a year in violation of the Eighth Amendment. (*Id*. at 66-69; ECF No. 17-1 at 1.) Plaintiff alleges in counts fifteen and sixteen that Defendants USGI, Hill, Acevedo, Allison, Newsom, State of California, Diaz, Macomber, Thomas, Mosely, Prasad, McClusky, Kumar, Niehaus, Broomfield and Does 37-44 breached a contract and committed an unfair trade practice by taking money for a USGI package he never received. (ECF No. 17-1 at 1-10.)

In count seventeen Plaintiff claims Defendants Gonzales, Quintana and Romero violated the Fifth, Eighth and Fourteenth Amendments and state law when he was threatened with a violent cell extraction if he refused a transfer. (*Id*. at 10-16.) In count eighteen Plaintiff alleges Defendants Acevedo, M. Ramirez, Ochoa, Franckowiak, May, V. Sanchez. Bick, Anderson, Lewis, Steadman, Kibbie, Reyes, Macomber, Diaz, Gipson, Mosely, Martin, Broomfield, Toche, Elliot, Daub, Lyszczarz, Bahro, Adamczyk and the RJD Mental Health Department have denied him the opportunity to engage in mental health services in violation of state law. (*Id*. at 15-16.) In count nineteen he claims Defendants Acevedo, M. Ramirez, Borders, Merchant, Ochoa, Franckowiak, V. Sanchez, Anderson, Lewis, Steadman, Reyes, May, Jenkins, Macomber, Diaz, Gipson, Broomfield, County of San Diego, T. Martinez, Garcia, Via Cayenne, Melgar, Silva, Caro, Chavez, Covarrubios and Does 1-16 violated the Eighth Amendment by placing him in a cage at RJD from 2:30 a.m. to 8 or 9 a.m. before his transfer, and again from 10:00 a.m. to 4 p.m. at CIM, without water or bathroom access which resulted in his urinating and defecating in his pants. (*Id*. at 16-19.) He alleges in count twenty that Defendants Prasad, McClusky, Kumar, Niehaus, Lankford, Diaz, Acevedo, M. Ramirez, Ochoa, Kibbie, Franckowiak, V. Sanchez, Anderson, Lewis, Steadman, Reyes, May, Macomber, Gipson, Broomfield, T. Martinez, Davis, Garcia, Via Cayenne, Canedo, Melgar, Lopez, Taylor, Shelland, Silva, Caro, Chavez, Covarrubios, Lopez, Alaniz, Sepulveda, Iniguez, Adrade, M. Hernandez, Colon, Salazar, Villegas, Criollos and Does 1-16 denied him access to the courts by denying him the ability to purchase writing supplies and withholding legal documents. (*Id*. at 19-22.) In count twenty-one he claims Defendants Jefferson, Jiminez, S. Solorio, De La Concha, C. Sanchez, Ramos, Trillo, Gonzalez, Delozier, Villalba, J. Hernandez, Puerta, Salgado, M. Solario, A. Ramirez, Moreno, Castillo, Sillas, Aceves, Cardinas, Rosales, Badigian, Acevedo, N. Ramirez, Ochoa, Franckowiak, V. Sanchez, Anderson, Lewis, Steadman, Reyes, May, Macomber, Diaz, Gipson, Broomfield, Roberts, Bick, Toche, Elliot, Hodges, Barenchi, Mohamed, Clayton, Rajab, Choudhari, Sormillon, T. Martinez, Garcia, Kibbie, Davis, Via Cayenne, Canedo, Rivera, Taylor, Shelland, Gibbons and Las Mirias violated

the Eighth Amendment by housing him in in a cell when he arrived at CIM with a broken sink for three days causing him to resort to drinking his own urine which caused kidney and liver damage and other medical complications from dehydration. (*Id*. at 22-27.) In count twenty-two he alleges Defendants Acevedo, Diaz, N. Ramirez, Borders, Ochoa, T. Martinez, Jackson, Benitez, Marquez, Thompson, Macomber, Gipson, Prasad, Bick, Toche, V. Sanchez, Broomfield, Elliot, and an unspecified person named Tuter, transferred him to CIM in retaliation for engaging in litigation. (*Id*. at 27-29.)

*2. Parole Claims*

In counts one through six Plaintiff challenges the decision to deny his release on parole. (ECF No. 17 at 21-39.) The Court previously dismissed Plaintiff's claims arising from the denial of parole, explaining that a challenge to the decision to deny parole release, as opposed to a challenge to eligibility guidelines to be considered for parole, is not cognizable in a § 1983 action. (*See* ECF No. 11 at 10-11.) That pleading deficiency is not cured in the FAC, as Plaintiff once again challenges the decision to deny parole release rather than eligibility for parole consideration, and it is clear he is unable to cure that defect because he was found eligible for parole consideration but was denied parole release. This claim is denied for the same reasons set forth in the prior dismissal order (*id.*) and is dismissed without leave to amend. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

*3. Medical Care Claims*

Plaintiff alleges in count seven that Defendants Nguyen, Daub, Hurst, Elmi, Bahro, M. Martinez, Gibbins, Naranjo, Lyszczarz, Jacovich, Deguzman, Robinson, Tannebaum, Geitzen-Harden, Leone, Adamczyk and the RJD Mental Health Department have refused his repeated requests to be treated for Schizoaffective Disorder and Bipolar Type Psychosis in violation of the Eighth Amendment because they have repeatedly told him he does not have those conditions. (ECF No. 17 at 39-42.) He claims he is in a catch-22 because the parole board based the finding of future dangerousness on his having those conditions and

a lack of insight in denying he has them, and that he could not be safely released without receiving effective treatment, which was also the basis for denial of state habeas relief. (*Id*.) In count eight he claims Defendants State of California, County of San Diego and RJD Mental Health Department discriminated against him in violation of the ADA by refusing to allow him to participate in group activities run by psychiatrists and social workers for prisoners with severe mental disabilities, including the Enhanced Outpatient Program, because they accepted Plaintiff's treating medical professionals' diagnosis that he does not have Schizoaffective Disorder or Bipolar Type Psychosis. (*Id*. at 42-45.) In count eighteen he claims Defendants have violated California's Unruh Civil Rights Act for that same reason. (ECF No. 17-1 at 15-16.)

"In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014), quoting *Estelle*, 429 U.S. at 104. Such deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*.

Plaintiff's allegation that the Defendants have refused to treat him for mental health conditions which they determined in their medical judgment he does not have fails to state an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976) (differences of opinion over what medical treatment is proper do not state an Eighth Amendment claim). These allegations do not state an ADA claim because Plaintiff does not allege Defendants discriminated against him because of his illness or disability by excluding him from mental health programs, merely that they refused inclusion because they have not diagnosed him with an illness which would qualify him to participate. *See O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (holding that an "exclusion, denial of benefits, or discrimination" must be by reason of a disability.") The Unruh Civil Rights Act claim fails for the same reason, as Plaintiff has not alleged he is eligible for any program. *See Dallas and Lashmi, Inc. v. 7-Eleven, Inc*., 112 F. Supp. 3d

1048, 1062 (C.D. Cal. 2015) ("The bare possibility of discrimination premised on speculation, without any underlying factual basis, is insufficient to state a claim under the Unruh Act.") Plaintiff's entirely conclusory statement that he "is a qualified individual with a disability of mental illness" (ECF No. 17 at 44), does not cure that defect. *Iqbal,* 556 U.S. at 678. These claims are dismissed with leave to amend.

*4. Takings Claims*

In count nine Plaintiff claims that by attempting to steal a $17,034.09 check and refusing to pay interest during a two-year delay in cashing it, the Defendants violated his rights under the Fifth Amendment's Takings Clause, as well as the Fourth, Eighth and Fourteenth Amendments. (ECF No. 17 at 45-48.) The Takings Clause prohibits the government from taking private property for public use without just compensation. *See Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010). Plaintiff alleges Defendants failed to cash his check for two years and used the interest which accrued or should have accrued during that time to "pay for services to keep him in prison longer." (ECF No. 17 at 47.) That allegation does not plausibly allege that any interest actually accrued, that Defendants took interest which was lost due to the delay, or that they converted it for public use. *Ward*, 623 F.3d at 810; *Iqbal,* 556 U.S. at 678. Neither can Plaintiff state a claim under the Fourteenth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (the deprivation of property "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if" the state "provides a suitable postdeprivation remedy."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations.") Plaintiff does not provide any basis for claims under the Fourth or Eighth Amendments. *See Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") Because it is clear Plaintiff cannot state a claim based on the alleged taking, these claims are dismissed without leave to amend. *Schmier*, 279 F.3d at 824.

5. *Employment Claims*

In counts ten through thirteen Plaintiff claims Defendants violated federal labor and trafficking laws, the First, Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments, the Trafficking Victims Protection Act and the Fair Labor Standard Act by employing him for the last 30 years for as little as $0.08 per hour and sometimes without pay in work he did not want because it took him away from his legal research needed to challenge his confinement, by subjecting him to a hostile work environment, and by punishing him for failing to report to work with rule violation reports. (*Id*. at 48-66.)

The federal due process clause does not create a property or liberty interest in prison employment, and a prisoner does not have a constitutional right to have a job in prison or to retain a prison job. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985); *Gray v. Hernandez*, 651 F. Supp. 2d 1167, 1187 (S.D. Cal. 2009). Plaintiff alleges he was subject to a hostile work environment because on one occasion Defendant Doe 26 "looked at [me] with intense lust" during a strip search at the work change station and patted down a younger inmate rather than strip search that inmate. (ECF No. 17 at 61-66.) Those allegations fail to plausibly allege a hostile work environment, which requires a showing "that (1) [Plaintiff] was subjected to verbal or physical conduct of a sexual nature, (2) this conduct was unwelcome, and (3) this conduct was sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment." *Little v. Windermere Relocation, Inc*., 301 F.3d 958, 966 (9th Cir. 2002). The allegations of trafficking and involuntary servitude fail to state a claim. *See Butler v. Perry*, 240 U.S. 328, 332 (1916) (prison rules that require a prisoner to work is not the type of involuntary servitude that violates the Thirteenth Amendment); *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963) ("Where a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises.") Because it is clear Plaintiff cannot state a claim based on his employment, these claims are dismissed without leave to amend. *Schmier*, 279 F.3d at 824.

*6. Contract Claims*

In counts fifteen and sixteen Plaintiff claims a breach of contract and unfair trade practice based on allegations that Defendants took money from his inmate trust account at his request to pay USGI to send him a food package, as they had done on other occasions, but on this one occasion he did not receive the package. (ECF No. 17-1 at 1-10.) The lack of factual allegations regarding the reason the package was not delivered fails to plausibly allege that the failure to receive the package, which is the same type of package Plaintiff indicates he has been successfully receiving from USGI for years, resulted from a deliberate act in violation of federal statutory or constitutional law by someone acting under color of state law. *See Devereaux*, 263 F.3d at 1074 ("Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."); *Iqbal,* 556 U.S. at 678. In addition, as noted, the taking of money or personal property fails to state a constitutional claim. Because it is clear Plaintiff cannot state a claim based on the taking of or failure to deliver his package, these claims are dismissed without leave to amend. *Schmier*, 279 F.3d at 824.

*7. Transfer Claims*

In count seventeen Plaintiff claims violations of the Fifth, Eighth and Fourteenth Amendments and state law based on allegations that on March 1, 2026, he was placed on a transfer list and threatened with a violent cell extraction if he refused the transfer, and in count twenty-two he alleges the transfer was retaliatory. (ECF No. 17-1 at 10-12, 27-29.) He states that he thinks the Anti-Recidivism Coalition newsletter he receives on a regular basis, which advocates to end mass incarceration in California, could have caused the correctional officer Defendants to feel their jobs were in jeopardy which may have caused them to threaten him with cell extraction for refusing the transfer, and that the only reason for the transfer he can imagine was to interfere with his litigation. (*Id*. at 13, 28.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (2005) (footnote omitted). A prisoner must allege a retaliatory motive, that is, a causal connection between the adverse action and protected conduct. *Watison*, 668 F.3d at 1114.

There are no facts in the FAC which plausibly allege any Defendant acted with a retaliatory motive. Retaliation cannot be established simply by showing adverse action took place after protected activity, as there must be a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("timing alone is insufficient" to support an inference that prison officials took an adverse action.); *Rhodes*, 408 F.3d at 567 (a plaintiff must allege adverse action was "because of" his protected conduct). The conclusory and speculative allegations that the transfer may have been based on the newsletter or litigation do not plausibly show the transfer was based on participation in protected conduct. *Rhodes*, 408 F.3d at 567; *Iqbal,* 556 U.S. at 678; *see also Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient [to state a claim].") The retaliation claim is dismissed with leave to amend.

Aside from retaliation, Plaintiff has not stated a claim based on the mere fact of the transfer itself or the threat of cell extraction. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (prisoners have no due process right to placement in any particular prison); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (finding no liberty interest protected by the Due Process Clause in a prison's transfer decisions). These claims are dismissed without leave to amend. *Schmier*, 279 F.3d at 824.

*8. Access to Courts claim*

Plaintiff claims in count twenty that he was denied access to the courts because he lost legal documents which required him to request copies from the courts and to duplicate research and writing efforts, and because he was denied access to writing materials. (ECF

No. 17-1 at 19-22.) Inmates have a constitutional right of access to courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). A prisoner must allege facts showing actual injury arising from interference with legal materials, that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. The inmate must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Plaintiff has not alleged the loss of a claim and has therefore failed to state an access to courts claim. This claim is dismissed with leave to amend.

*9. Eighth Amendment Conditions of Confinement Claims at RJD*

Plaintiff claims in count fourteen that his Eighth Amendment right to sufficiently warm clothing was violated when he was denied a state-issued jacket for over a year, despite newly arrived inmates at RJD being issued jackets during that time, which he needed during the 100-yard walk to the dining hall during the cold and rainy season and to wear to work in a cold building. (ECF No. 17 at 66-69; ECF No. 17-1 at 1.)

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment,'" and requires that "a prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety." *Id.*, quoting *Wilson*, 501 U.S. at 297, 302-03. The prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff's allegation of a deprivation of warmth on cold and rainy days at RJD during a short walk between buildings or when he worked in cold buildings for the year he was not issued a jacket is insufficient to state a claim because short term or temporary deprivations do not plausibly allege constitutional violations. *Anderson v. County of Kern*, 45 F.3d 1310, 1311-13 (9th Cir. 1995). Neither does he allege any Defendant was aware of facts from which they could draw an inference that the lack of a jacket posed an *excessive* risk to his health or safety and actually drew that inference. *Farmer*, 511 U.S. at 837.

Plaintiff alleges in count nineteen that on March 2, 2026, during his transfer, he was placed in a cage at RJD from 2:30 a.m. to 8:00 or 9:00 a.m. which was three feet long, three feet wide and eight feet high, and his request for something to drink was denied. (ECF No. 17-1 at 16-19.) Plaintiff fails to plausibly allege any Defendant was aware of facts from which an inference could be drawn, or drew an inference, that the conditions in the cage posed an excessive risk to his health or safety and disregarded that risk. *Farmer*, 511 U.S. at 837; *see also Anderson*, 45 F.3d at 1315 (no constitutional violation for placement in safety cage with short-term deprivations of basic needs such as food, clothing, shelter and sanitation). He also alleges that before boarding the transfer bus he was made to take off and throw away his rubber-band ponytail hair holders causing him to fear that his mid-thigh length hair might encourage bald-headed inmates or homophobic CDCR officers to assault him. (ECF No. 17-1 at 13-15.) Plaintiff does not allege he was threatened or assaulted and has therefore failed to state a failure to protect claim. *See Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (affirming dismissal of failure to protect claim where prisoner "did not allege that he ha[d] been assaulted or threatened with an assault" because "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to his future health" under *Farmer*). These claims are dismissed with leave to amend.

*10. Eighth Amendment Conditions of Confinement Claims at CIM*

In count nineteen Plaintiff claims Defendants Acevedo, M. Ramirez, Borders, Merchant, Ochoa, Franckowiak, V. Sanchez, Anderson, Lewis, Steadman, Reyes, May,

Jenkins, Macomber, Diaz, Gipson, Broomfield, County of San Diego, T. Martinez, Garcia, Via Cayenne, Melgar, Silva, Caro, Chavez, Covarrubios and Does 1-16 violated the Eighth Amendment by placing him in a cage from 10:00 a.m. to 4 p.m. at CIM without water or bathroom access, and because he did not have bathroom breaks during the transfer bus ride for a total of thirteen and one-half hours, he urinated and defecated in his pants. (*Id*. at 16-19.) Plaintiff alleges in count twenty-one that Defendants Jefferson, Jiminez, S. Solorio, De La Concha, C. Sanchez, Trillo, Gonzalez, Delozier, Villalba, J. Hernandez, Puerta, Salgado, M. Solario, Ramos, A. Ramirez, Moreno, Castillo, Sillas, Aceves, Cardinas, Rosales, Badigian, Acevedo, N. Ramirez, Ochoa, Franckowiak, V. Sanchez, Anderson, Lewis, Steadman, Reyes, May, Macomber, Diaz, Gipson, Broomfield, Roberts, Bick, Toche, Elliot, Hodges, Barenchi, Mohamed, Clayton, Rajab, Choudhari, Sormillon, T. Martinez, Garcia, Kibbie, Davis, Via Cayenne, Canedo, Rivera, Taylor, Shelland, Gibbons and Las Mirias confined him at CIM in a cell with a broken sink for three days causing him to resort to drinking his own urine causing kidney and liver damage and other medical complications from dehydration. (ECF No. 17-1 at 22-27.)

These alleged events took place at CIM, not at RJD, and venue for such claims lies in Central District of California, Eastern Division, where CIM is located and where the events took place. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .") In addition, Plaintiff does not identify who was allegedly responsible for the denial of water and bathroom facilities. Rather, he groups as many as 50 Defendants together as allegedly being involved in the decision to transfer him to CIM, which "makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *Adobe Sys. Inc. v. Blue Source Grp. Inc*., 125 F.Supp.3d 945, 964 (N.D. Cal. 2015). "Accordingly, a complaint which 'lump(s) together . . . multiple defendants in one broad allegation fails to satisfy (the) notice

requirement of Rule 8(a)(2).'" *Id.*, quoting *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("[C]onfusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint.") Although he indicates several CIM Defendants were aware the sink did not work, he does not identify a Defendant who actually drew an inference that the lack of a working sink in his cell posed an *excessive* risk to his health or safety, that is, someone who knew he was without drinking water for three days. *Farmer*, 511 U.S. at 837. Thus, Plaintiff has failed to plausibly allege any Defendant violated his Eighth Amendment rights regarding the conditions of confinement at CIM. These claims are dismissed for failure to state a claim without leave to amend in this action but without prejudice to Plaintiff to seek to raise in a court with proper venue.

*5. Leave to Amend*

Based on the foregoing, the FAC is dismissed for failure to state a claim upon which relief may be granted. In light of Plaintiff's pro se status, the Court grants leave to amend, other than with respect to claims dismissed without leave to amend in this action. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

In the Court's prior dismissal order, Plaintiff was cautioned that the FAC must comply with Rule 8 of the Rules of Civil Procedure which requires that every complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). The FAC does not comply with Rule 8. Rather, it contains lengthy passages consisting of conclusions and legal citations rather than short, plain, simple straightforward factual allegations regarding what Plaintiff contends each Defendant did to violate his rights. Plaintiff is again cautioned that if his Second Amended Complaint fails to comply with Rule 8 or raises claims which were dismissed without leave to amend it will be subject to dismissal on that basis.

## II. Motions

Plaintiff has filed a motion to attach as Exhibit A to his FAC an RJD canteen price list which he inadvertently failed to attach and which he indicates is relevant to his access to courts claim to show he could not purchase writing materials. (ECF No. 18 at 1.) Plaintiff also requests that he be sent a copy of pages 75-99 (ECF No. 17-1, pages 11-35) of the FAC, indicating he was not able to copy those pages for his own file, and requests a copy of the docket in this case. (ECF No. 18.) The motion is **GRANTED**. Plaintiff's motion to exceed the 22-page limit on the FAC (ECF No. 20) is also **GRANTED**.

Plaintiff has also filed a motion for a protective order seeking to be allowed to choose which California prison he may be transferred to if he is ever transferred because there are several prisons he fears. (ECF No. 19.) A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council,* 555 U.S. 7, 20 (2008). The threat of irreparable injury must be imminent to support a request for injunctive relief. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Because there is no indication Plaintiff is or will be subject to transfer in the immediate future, the motion for a protective order is **DENIED**.

## III. CONCLUSION

Accordingly, for all the reasons discussed, the Court **DENIES** Plaintiff's motion for a protective Order (ECF No. 19), **GRANTS** Plaintiff's motion to exceed the page limit on the FAC (ECF No. 20) and **GRANTS** Plaintiff's motion to attach Exhibit A to the FAC (ECF No. 18). The Court **DIRECTS** the Clerk of Court to send Plaintiff a copy of the docket in this case and a copy of pages 11-35 of ECF No. 17-1.

The Court **DISMISSES** the FAC pursuant to 28 U.S.C. § 1915A based on Plaintiff's failure to state a claim upon which relief can be granted. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted in this Order regarding claims

which have been dismissed with leave to amend in this action. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.") If Plaintiff fails to amend, the Court will dismiss this action for failure to state a claim and failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: October 7, 2026

Hon. Dana M. Sabraw
United States District Judge